**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KEN JOHANSEN on behalf of himself and others similarly situated, | : : : | Case No. 2:16-cv-00839 |
| Plaintiff, | : : | |
| v. | : : | **JURY DEMANDED** |
| MODERNIZE, INC., | : : | |
| Defendant. | : | |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1. Plaintiff Ken Johansen ("Plaintiff" or "Mr. Johansen") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, Modernize, Inc. ("Modernize") placed telemarketing calls to a telephone number Mr. Johansen had registered on the National Do Not Call Registry for the purposes of advertising their goods and services.

3. Mr. Johansen never consented to receive these calls, and they were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Johansen brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Ken Johansen is a resident of the state of Ohio.

6. Defendant Modernize, Inc. is a Delaware corporation that has its principal office at 804 Congress Avenue, Suite 400, Austin, Texas 78701, and a registered agent of CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**Jurisdiction & Venue**

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because the Plaintiff is a resident of this district, which is where he received the illegal telemarketing calls that are the subject of this putative class action lawsuit.

**TCPA Background**

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until

the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

12. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

13. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id*.

**Factual Allegations**

14. Mr. Johansen's home telephone number, (614) 791-XXXX, has been on the National Do Not Call Registry for more than seven years prior to receipt of the calls from the Defendant.

15. Mr. Johansen has never removed his residential telephone number from the National Do Not Call Registry.

16. On February 8, 2016, Johansen received a call from "Jemay" at Modernize. The Caller ID on the call was 614-349-2113.

17. Upon information and belief, the Caller ID for the telemarketing call was manipulated by Modernize to make it appear to be coming from a local company.

3

18. Johansen requested where "Jemay" got his phone number. She said could not supply that information and suggested Johansen call her supervisor at 512-362-XXXX.

19. Johansen called the 512-362-XXXX number and left voice mail messages. The calls were never returned.

20. Johansen received a second telemarketing call on February 8, 2016 from "Cheema" at Modernize about a replacement windows quote. The Caller ID on the call was 614-349-2113.

21. Upon information and belief, the Caller ID for the telemarketing call was manipulated by Modernize to make it appear to be coming from a local company.

22. On June 10, 2016 Johansen received a third telemarketing call from Modernize. The Caller ID was 614-349-2113.

23. Upon information and belief, the Caller ID for the telemarketing call was manipulated by Modernize to make it appear to be coming from a local company.

24. The caller "Nicole" stated she worked for Modernize.

25. On August 1, 2016, Johansen received a fourth telemarketing call from "Tatania," who stated that she was a Product Advisor with Modernize.com.

26. Later on August 1, 2016, Johansen received yet another call from Modernize. The Caller ID was 614-349-2113.

27. Upon information and belief, the Caller ID for the telemarketing call was manipulated by Modernize to make it appear to be coming from a local company.

28. The telemarketer stated that his name was "Derek" and that he was a Product Advisor with Modernize.

29. The purposes of these calls were to generate sales for Modernize.

30. Plaintiff is not a customer of Defendant and has not provided Defendant with his personal information or telephone number.

31. The purposes of these calls were to generate sales for Modernize.

32. Plaintiff is not a customer of Defendant and has not provided Defendant with his personal information or telephone number.

**Class Action Allegations**

33. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

34. The class of persons Plaintiff proposes to represent is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry, and who, within the four years before the filing of the initial Complaint, through the date of class certification, received more than one telemarketing call within any twelve-month period from, or on behalf of, Defendant.

35. Excluded from the class are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

36. The class as defined above is identifiable through phone records and phone number databases.

37. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

38. Plaintiff is a member of the class.

39. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether Defendant violated the TCPA by calling individuals on the National Do Not Call Registry;

    b. Whether Defendant placed calls without obtaining the recipients' prior consent for the call;

    c. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

40. Plaintiff's claims are typical of the claims of class members.

41. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

42. The actions of the Defendant are generally applicable to the class as a whole and to Plaintiff.

43. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

44. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

45. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call provisions

46. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

47. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

48. The Defendant's violations were negligent and/or knowing.

### Relief Sought

For himself and all class members, Plaintiff requests the following relief:

A. Injunctive relief prohibiting such violations of the TCPA by the Defendant;

B. Because of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each class member treble damages, as provided by statute, of up to $1,500 for every call that violated the TCPA;

C. Because of Defendant's statutory violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each class member $500 in statutory damages for every call that violated the TCPA;

D. Because of Defendant's violations of 47 C.F.R. § 64.1200(c), Plaintiff seeks for himself and the other class members whose telephone numbers were called at least twice within any 12-month period despite being registered with the National Do Not Call Registry, up to $500 in statutory damages for every call that violated such regulations, or—where such regulations were willfully or knowingly violated—up to $1,500 for each and every call in violation;

E.     An award of attorneys' fees and costs to counsel for Plaintiff and the class;

F.     An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate classes the Court deems appropriate, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firms representing Plaintiff as counsel for the class;

G.     Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted,

**/s/ Brian K. Murphy**
Brian K. Murphy, Trial Attorney (0070654)
Joseph F. Murray (0063373)
Geoffrey J. Moul (0070663)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH  43215
(614) 488-0400
(614) 488-0401 *facsimile*
E-mail: murphy@mmmb.com
        murray@mmmb.com
        moul@mmmb.com

Edward A. Broderick
Anthony I. Paronich
Broderick Law, P.C.
99 High Street, Suite 304
Boston, MA 02110
(508) 221-1510
(617) 830-0327 *facsimile*
Email: ted@broderick-law.com
       anthony@broderick-law.com
*Subject to Pro Hac Vice*

        Matthew P. McCue
        The Law Office of Matthew P. McCue
        1 South Avenue, Suite 3
        Natick, MA 01760
        (508) 655-1415
        (508) 319-3077 *facsimile*
        E-mail: mmccue@massattorneys.net
        *Subject to Pro Hac Vice*