# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KEN JOHANSEN,**

      **Plaintiff,**

      v.

**MODERNIZE, INC.,**

      **Defendant.**

**Civil Action 2:16-cv-839**
**Judge George C. Smith**
**Magistrate Judge Jolson**

## ORDER

This matter came before the Court for a status conference on March 15, 2017, regarding a discovery dispute between the parties. In this case, Plaintiff has alleged that Defendant made unsolicited telemarketing calls to him (and others like him) who were on the Federal Do Not Call Registry. Plaintiff alleges that the calls violated the Telephone Consumer Protection Act ("TCPA"). (*See generally* Doc 1).

As an initial matter, and consistent with discussions during the conference, the parties agree to serve any future discovery requests and/or responses via email. In terms of the discovery dispute at issue, the parties disagree as to the relevancy of Defendant's Requests For Production #1–5, 9–10, 12–13, 18–19, 24 and 33. Those requests state:

- **REQUEST NO. 1:** All DOCUMENTS, including audio recordings, RELATING TO TELEMARKETING CALLS received by YOU.

- **REQUEST NO. 2:** All DOCUMENTS, including audio recordings, RELATING TO calls to YOU regarding home improvement products or services.

- **REQUEST NO. 3:** All DOCUMENTS, including audio recordings, in which YOU provide YOUR telephone number or agree to be called regarding home improvement products or services.

- **REQUEST NO. 4:** All DOCUMENTS, including audio recordings, RELATING TO home improvement products or services.

- **REQUEST NO. 5:** All DOCUMENTS, including audio recordings, RELATING TO calls YOU made regarding home improvement products or services.

- **REQUEST NO. 9:** All DOCUMENTS, including audio recordings RELATING TO YOU providing YOUR contact information OR prior express written consent to receive TELEMARKETING CALLS for window replacement or other home improvement products or services.

- **REQUEST NO. 10:** All DOCUMENTS including data of any kind located on any computer OR device owned or used by YOU, RELATING TO any consent or agreement by YOU to receive TELEMARKETING CALLS.

- **REQUEST NO. 12:** All DOCUMENTS, including audio recordings, RELATING TO any complaint you have made to any PERSON or entity regarding a TELEMARKETING CALL in the past five years.

- **REQUEST NO. 13:** All DOCUMENTS, including data of any kind located on any computer OR device owned or used by YOU, RELATING TO any instance in which YOU provided YOUR telephone number to any business.

- **REQUEST NO. 18:** All DOCUMENTS RELATING TO any COMMUNICATIONS YOU have had with any telemarketers.

- **REQUEST NO. 19:** All DOCUMENTS RELATING TO any informal or formal complaint YOU have made to any PERSON or entity regarding the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA")

- **REQUEST NO. 24:** All DOCUMENTS RELATING to any litigation in which YOU were/are a plaintiff.

- **REQUEST NO. 33:** All DOCUMENTS RELATING TO any telephone number owned, assigned, or used by you in the past 5 years.

Defense counsel argues that these requests relate to Plaintiff's activities as a potential "Professional Plaintiff" and the degree to which Plaintiff invites engagement with telemarketers. Defense counsel further asserts that this information ultimately could be relevant to Plaintiff's standing to bring this lawsuit. Plaintiff's counsel counters that these documents are irrelevant to the action, have no bearing on the standing issue, and his client is not a "Professional Plaintiff."

Defendant relies primarily on *Stoops v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 82380, 197 F. Supp. 3d 782, 2016 WL 3566266 (W.D. Pa. 2016), for their argument that the disputed discovery is relevant.  In that case, the Court considered the "unique" case of a plaintiff who admitted that she files TCPA cases "as a business." *Id.* at *5, 9.  Relying on the plaintiff's own testimony, the Court found that the calls at issue "did not constitute the nuisance, invasion of privacy, cost, and inconvenience from which Congress intended to protect consumers . . . ." *Id.* at *11.  The Court also noted that the plaintiff's only alleged economic injury was cell phone costs.  *Id.* at *12.  Ultimately, the Court found that the plaintiff had failed to establish that she had either constitutional or prudential standing.  *Id.* at *50.  The Court dismissed the case.  *Id.*

While some courts have agreed with the decision in *Stoops*, *see, e.g.*, *Tel. Sci. Corp. v. Asset Recovery Solutions*, LLC, 2016 U.S. Dist. LEXIS 104234 (N.D. Ill. Aug. 8, 2016), other courts have found a party's proclivity to litigate less concerning, *see id.* (collecting cases). Although given the opportunity to do so during the status conference, neither Plaintiff's counsel nor defense counsel identified any on-point case law from within the Sixth Circuit.  The Court's own research likewise uncovered none.  Accordingly, without law to the contrary, Defendant is entitled to pursue this defense.  The Court may ultimately conclude that Plaintiff is not a "Professional Plaintiff"—or even if he is, he still has standing to bring this lawsuit.  But the time for that decision is not now.  Instead, Defendant is entitled to the discovery.

Accordingly, Plaintiff is **DIRECTED** to respond as soon as practicable to the Requests for Production at issue.  Additionally, during the conference it was represented to the Court that additional time may be necessary to conduct Plaintiff-specific discovery in light of the Court's decision on the discovery dispute.  Accordingly, the parties are **DIRECTED** to meet and confer regarding how much additional time, if any, is needed to complete Plaintiff-specific discovery

3

and if the dispositive motion deadline currently set for April 24, 2017 (*see* Doc. 14), needs to be extended.  The parties shall submit a joint status report to the undersigned via email (jolson_chambers@ohsd.uscourts.gov) by March 17, 2017, with the result of those discussions.

    IT IS SO ORDERED.

Date:  March 15, 2017                          /s/ Kimberly A. Jolson
                                                                  Kimberly A. Jolson
                                                                  United States Magistrate Judge